UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. __10-540__ |
| v. | ) ) ) | **COMPLAINT** |
| WOODMAN'S FOOD MARKETS, INC., | ) ) ) | (Jury Trial Demand) |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices and to provide appropriate relief to Arianna Goodwin, who was adversely affected by such practices. As alleged with greater particularity below, defendant Woodman's Food Markets, Inc. violated Title VII when it terminated Goodwin's employment because she was pregnant

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1), and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were, and are now being, committed within the jurisdiction of the United States District Court for the Western District of Wisconsin.

## PARTIES

3. The plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with administering, interpreting, and enforcing Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, defendant Woodman's Food Markets, Inc. ("Woodman's") has continuously been a Wisconsin corporation doing business in the State of Wisconsin and the City of Madison, and has continuously had at least 15 employees.

5. At all relevant times, Woodman's has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Arianna Goodwin filed a charge with the EEOC alleging violations of Title VII by Woodman's. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Woodman's engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), when it terminated Arianna Goodwin's employment on or about January 20, 2008, because she was pregnant. Goodwin began working for Woodman's on January 7, 2008, as a Utility Clerk (bagger). On January 20, 2008, an assistant store manager confronted her about her pregnancy and demanded that Goodwin resign. She did so involuntarily under pressure from the assistant store manager.

8. The effect of the practices complained of in Paragraph 7 above has been to deprive Arianna Goodwin of equal employment opportunities, and to otherwise adversely affect her status as an employee, because of the termination of her employment.

9. The unlawful employment practices complained of in Paragraph 7 above were intentional.

10. The unlawful employment practices complained of in Paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Arianna Goodwin, who was adversely affected by such practices based on her sex (pregnancy).

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Woodman's and its officers, successors, and assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against current or former employees.

B. Order Woodman's to institute and carry out policies, practices, and programs which provide equal employment opportunities for Arianna Goodwin, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Woodman's to make Arianna Goodwin whole by reinstating her employment, or alternatively, providing front-pay; providing appropriate back-pay (including the value of fringe benefits, with pre-judgment interest) in amounts to be determined at trial; and providing other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Woodman's to make Arianna Goodwin whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 7 above, in amounts to be determined at trial.

E.  Order Woodman's to make Arianna Goodwin whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 7 above, including (but not limited to) emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Woodman's to pay Arianna Goodwin punitive damages for its malicious and reckless conduct described in Paragraph 7 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

> P. David Lopez
> General Counsel
>
> James L. Lee
> Deputy General Counsel
>
> Gwendolyn Young Reams
> Associate General Counsel
>
> EQUAL EMPLOYMENT OPPORTUNITY
>     COMMISSION
> 131 M Street, N.E.
> Washington, D.C. 20507

Dated: September 21, 2010    s/ *John C. Hendrickson*_____
                             John C. Hendrickson
                             Regional Attorney

Dated: September 21, 2010    s/ *Jean P. Kamp*_____
                             Jean P. Kamp
                             Associate Regional Attorney
                             EQUAL EMPLOYMENT OPPORTUNITY
                                 COMMISSION
                             Chicago District Office

4

        500 West Madison Street - Suite 2000
        Chicago, IL   60661
        *Telephone*: (312) 353-7719
        *E-mail*:   john.hendrickson@eeoc.gov
        *E-mail*:   jean.kamp@eeoc.gov

Dated: September 21, 2010    s/ *Dennis R. McBride*_____ _____
        Dennis R. McBride
        Senior Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
            COMMISSION
        Milwaukee Area Office
        310 West Wisconsin Avenue - Suite 800
        Milwaukee, WI   53203-2292
        *Telephone*: (414) 297-4188   *Fax*: (414) 297-3146
        *E-mail*:   dennis.mcbride@eeoc.gov